IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM S. V. PATTERSON,

    Petitioner,

v.                                              Civil Action No.  3:07cv361

WARDEN OF POWHATAN CORRECTION CENTER,

    Respondent.

### MEMORANDUM OPINION

Petitioner William S. V. Patterson, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1]  Patterson challenges his convictions for one count of capital murder and one count of robbery.  Respondent filed a Rule 5 Answer and Motion to Dismiss, providing Patterson with appropriate *Roseboro* notice.  Respondent contends that the matter is barred by the statute of limitations.  Patterson responded to the motion[2] and the matter is ripe for adjudication.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 636(c) and 2254.

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] On December 13, 2007, the Court ordered Patterson to show cause as to why it should not dismiss his Petition for failure to respond to Respondent's Motion to Dismiss. (Docket No. 18.)  Patterson filed a "Motion for Rebuttal" on December 19, 2007.  (Docket No. 19.)  The Court will treat this as Patterson's response.

## I. Procedural History

On October 14, 1980, Patterson was convicted in the Circuit Court for the City of Norfolk ("Circuit Court") of capital murder and robbery. The Circuit Court sentenced Petitioner to death for the capital murder conviction and life imprisonment for the robbery conviction. Patterson subsequently filed a direct appeal to the Supreme Court of Virginia.[3] On October 16, 1981, the Supreme Court of Virginia affirmed Patterson's conviction for capital murder and robbery, but reversed and commuted Patterson's sentence to life imprisonment.

On June 10, 2007, Patterson filed a "Motion for Relief from Judgment Under Rule 60(b)" with the United States District Court for the Eastern District of Virginia.[4] On August 7, 2007, the undersigned Magistrate Judge issued an order conditionally filing Patterson's petition pending payment of the filing fee. On October 5, 2007, the undersigned Magistrate Judge issued an order granting Patterson's application to proceed *in forma pauperis*, and ordered the Petition's filing.

In the Petition, Patterson raises the following claims, presented below verbatim:

Claim One: The Commonwealth Attorney committed extrinsic fraud upon the court when he violated section 18.2- 441.1 Bribery of witnesses.

Claim Two: The Commonwealth and trial court committed errors that was prejudicial and a miscarriage of justice to the petitioner when:

> (A). The Commonwealth introduce into evidence prior bad acts of the petitioner was prejudicial and reversible error, that violated the petitioner's 5th and 14th amendment rights.

---

[3] Petitioner has provided no record of an additional appeal except the petition filed directly to the Supreme Court of Virginia.

[4] The Court considers a prisoner's habeas corpus petition filed on the date he delivers his petition to prison authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988).

  (B). The trial court committed errors in admitting into evidence prior inconsistent statements of Kavetta Mimms.
  (C). The trial court erred in admitting into evidence during the sentencing phase of the trial a copy of a conviction record for unlawful wounding without proof that the person referred to therein was the petitioner.
  (D). The Commonwealth Attorney erred in making improper statements to inflame the jury.
  (e). The trial court abuse its authority when it responded and rule on a motion that it did not have jurisdiction over.

## II. Analysis

**A.**  **Time Bar**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 101 of the AEDPA amended 28 U.S.C. § 2244 to require a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

 (1) A 1- year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Patterson's conviction became final on January 14, 1982.[5] However, Patterson's conviction occurred before the enactment of the 1996 AEDPA. "[I]n the case of a habeas challenge to a state conviction that became final prior to the enactment of the AEDPA, a habeas petitioner is entitled to a one-year grace period from the effective date of the Act, April 24, 1996, in which to file a federal habeas petition." *Crawley v. Catoe*, 257 F.3d 395, 398 (4th Cir. 2001). Therefore Patterson had until April 24, 1997, to file a federal habeas petition. Patterson filed his federal habeas petition on June 10, 2007. Patterson's petition is time barred unless he demonstrates that he is entitled to tolling of the limitation period. 28 U.S.C. § 2244(d)(1).

**B.  Equitable Tolling**

Equitable tolling of the AEDPA's statute of limitations is "reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present '(1) extraordinary circumstances, (2) beyond his control or external to his conduct, (3) that prevented him from filing on time.'" *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*quoting Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

---

[5] A conviction becomes final, pursuant to 28 U.S.C. § 2244(d)(1)(A), on the last date to file a petition for a writ of certiorari with the Supreme Court of the United States from the decision of the Supreme Court of Virginia. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Patterson had 90 days from the October 16, 1981 decision by the Supreme Court of Virginia to file a writ of certiorari to the Supreme Court of the United States. Thus, Patterson's ability to file an appeal to the Supreme Court of the United States lapsed on January 14, 1982.

Patterson makes no valid argument as to why the court should equitably toll the statute of limitations. Patterson argues that he missed the deadline because he pursued his claim through a "Motion to Vacate Void Judgment" filed with the Circuit Court.[6] By filing this motion, Patterson claims he attempted to challenge his criminal conviction at the state level. However, Patterson does not suggest, and the record does not indicate, that his "Motion to Vacate Void Judgment" constituted a basis for tolling the limitation period under 28 U.S.C. § 2244(d)(2). *See Walkowiak v. Haines*, 272 F.3d 234, 237 (4th Cir. 2001) ("Generally, the term 'collateral review' refers to a proceeding separate and distinct from that in which the original judgment was rendered, and in which the petitioner challenges the legality of the original judgment.") (*citing* Black's Law Dictionary 712 (7th ed., 1999)); *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004) ("The simple fact that [the petitioner] mailed *something* to the court is surely insufficient to trigger § 2244(d)(2)'s tolling provision."). Patterson fails to demonstrate how his improperly filed state civil motion constitutes an extraordinary circumstance that prevented him from timely filing this federal habeas petition.

All of Patterson's federal habeas corpus claims stem from alleged fraud or errors which took place at his Circuit Court trial in 1980. Patterson has had knowledge of these claims for approximately twenty-seven (27) years. He filed this habeas petition more than ten years beyond the grace period following enactment of the AEDPA. Patterson fails to argue or prove that any of his claims stem from new information revealed in this time period. Therefore Patterson's petition has no grounds for an equitable tolling of the statute of limitations.

---

[6] Petitioner provides no record of a date upon which this motion was filed.

### III. Conclusion

Based on the foregoing reasons, the Motion to Dismiss (Docket No. 12) is GRANTED. Accordingly, the Petition will be DISMISSED.

An appropriate order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: February 21, 2008